IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **YESENIA TORRES-FIGUEROA** | CIVIL NO. 23-1137 |
| PLAINTIFF | |
| VS. | RETALIATION, WRONGFUL TERMINATION (SEVERANCE PAY), AND TORT DAMAGES |
| **TELEVICENTRO OF PUERTO RICO, LLC d/b/a WAPA-TV d/b/a CANAL 4; INSURANCE COMPANY XYZ; COMPANY ABC; JOHN & JANE DOE.** | TRIAL BY JURY DEMANDED |
| DEFENDANTS | |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW, Yesenia Torres-Figueroa,** ("Plaintiff"), through the undersigned attorney and very respectfully states, alleges and prays as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff worked for Televicentro of Puerto Rico, LLC d/b/a WAPA-TV d/b/a Canal 4 ("Defendant") since 2012 until her illegal termination on July 9th, 2021. Since April of 2019, the Plaintiff had filed various complaints against the Defendant in good faith requesting that the Defendant cease and desist certain discriminatory actions against the Plaintiff. Once the discrimination complaints against the Defendant were closed on or around April of 2021, the Defendant allowed the creation of a hostile work environment against the Plaintiff based on pattern of retaliatory and discriminatory adverse actions. This hostile work environment against the Plaintiff culminated with her constructive dismissal on July 9th, 2021.

2. Such actions constitute a disparate treatment by the Defendant based on discrimination based on sex and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC sec. 2000e *et seq.*, and the Equal Pay Act ("EPA"), 29 USC sec. 215 *et seq.*, causing damages to the Plaintiff.

3. Plaintiff files this civil action against Defendant based on the following: Retaliation pursuant to Title VII, 42 USC sec. 2000e-3(a) *et seq.*, EPA, 29 USC. 215, *et seq.,* Puerto Rico's Law No. 115 of December 20, 1991 ("Law 115"), 29 LPRA sec. 194 *et seq.* and Section 16 of Article II of Constitution of the Commonwealth of Puerto Rico; Wrongful Termination (Unjust Dismissal) pursuant to Puerto Rico's Law No. 80 of May 30, 1976 ("Law 80"), 29 LPRA sec. 185a *et seq.;* and Tort Damages pursuant to the Puerto Rico's Civil Code ("PRCC").

4. Plaintiff seeks compensatory, punitive, double and liquidated damages, severance pay, back pay, front pay, and equitable and injunctive relief for Defendants' unlawful and discriminatory employment termination of the Plaintiff, based on his retaliation and discrimination claims. In addition, Plaintiff seeks other specific remedies that restore him to the position that he would have held in the absence of the retaliation and discrimination.

**JURISDICTION AND VENUE**

5. The United States District Court for the District of Puerto Rico has jurisdiction over this action under 28 U.S.C. sec. 1331 since the matter of this civil action arises under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff files this action pursuant to Title VII and EPA.

6. Plaintiff further invokes pendent or supplemental jurisdiction of this Court under 28 USC sec. 1367 to hear Puerto Rico constitutional and law claims arising from the same nucleus of operative facts. Specifically, Plaintiff files this action pursuant to Section 16 of Article II of the

Constitution of the Commonwealth of Puerto Rico, Law 115 Law 80, and Tort Damages pursuant to the PRCC.

7. Pursuant to 28 U.S.C. sec. 1391 (a), venue is proper in the District of Puerto Rico because the events that justify the causes of action occurred in this district and the defendant resides within this judicial district.

8. Before filing this instant case, Plaintiff filed timely charges of retaliation and of discrimination on the basis of sex before the Equal Employment Opportunity Commission ("EEOC") within one hundred and eighty (180) days and/or three hundred (300) days after the adverse employment action. Notice of Right to Sue from the EEOC was received by the Plaintiff. Plaintiff thus filed this timely Complaint within ninety (90) days of receipt of the EEOC's Notification of Right to Sue.

9. Plaintiff demands that all causes of action be tried before a jury.

**PARTIES**

10. Plaintiff, Yesenia Torres-Figueroa, is of legal age, domiciled and resident of Bayamon, Puerto Rico. Plaintiff's physical address is Urb. Aventura 154, Calle Emocion, Bayamon, PR 00956. Plaintiff's e-mail address is yeseniatorresfigueroaytf@gmail.com.

11. Defendant Televicentro of Puerto Rico, LLC d/b/a WAPA TV d/b/a Canal 4 ("Defendant"), is a Company organized under the laws of Delaware and Puerto Rico who are duly authorized to do business in the Commonwealth of Puerto Rico. This company is dedicated to providing television broadcasting. Defendant's designated office address is c/o RVM Professional Services, LLC, A4 Reparto Mendoza, Humacao, PR, 00791. Defendant's resident agent is The Corporation Service Company Puerto Rico, Inc., with the same address of c/o RVM Professional

3

Services, LLC, A4 Reparto Mendoza, Humacao, PR, 00791. Plaintiff reserves the right to amend the Complaint once more information is discovered.

12. Co-Defendant, Insurance Company XYZ ("Insurance Company XYZ"), held an insurance policy in favor of the Defendant. At the time of the retaliatory and discriminatory incidents described herein, Insurance Company XYZ held an insurance policy in favor of the Defendant, specifically to cover said retaliation and discrimination claims. Their current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

13. Co-Defendant, Company ABC ("Company ABC"), is another business company, which is the parent company or an affiliated company of the Defendant, that directed and had knowledge of Defendant's discriminatory acts of which Plaintiff is complaining. Their current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

14. Co-Defendant, John & Jane Doe ("Doe"), is another agent, supervisor, official or director who is affiliated with the Defendant, who directed and had knowledge of Defendant's discriminatory acts of which Plaintiff is complaining. Their Current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

## THE FACTS

15. Defendant is a company dedicated to providing television broadcasting.

16. Defendant provides television broadcasting in the local Channel 4 ("Canal 4") of Puerto Rico, under the name of WAPA-TV.

17. Defendant has more than five hundred (500) employees.

18. Plaintiff's sex is female.

19. Plaintiff began to work for Defendant since May of 2012.

20. Plaintiff's job position was as a Reporter.

21. Plaintiff's main duties and functions as a Reporter was to investigate and report news on the current events.

22. On or around the same time the Plaintiff began to work as a Reporter, the Defendant immediately assigned her to work as a News Anchor.

23. Although the Plaintiff was meeting expectations as a Reporter and as a News Anchor, the Plaintiff was paid an unequal salary when compared to other News Anchors whose sex were male.

24. The Defendant was paying different wages to the News Anchors that are of opposite sex.

25. The Plaintiff performed the same functions and duties as a News Anchor requiring the same skill, effort and responsibility when compared to the male News Anchors.

26. The Plaintiff performed the News Anchor job under similar working conditions as the male News Anchors.

27. The Plaintiff complained to the Defendant that she was being discriminated based on sex and in violation of the EPA, because the Plaintiff understood she should be paid the same amount of salary as compared to the male News Anchors.

28. Plaintiff complained that she should be paid the same amount of salary as the male News Anchors because the Plaintiff exercised the same functions and duties as the Male News Anchors.

29. The Plaintiff's main supervisor was Rafael Lenin Lopez, who was the Director of News ("Supervisor").

30. The Supervisor was assigned as the Plaintiff's main Supervisor on or around 2019.

31. On or around April of 2019, the Plaintiff lodged a Charge of Discrimination against the Defendant alleging discrimination based on sex and violation of the EPA.

32. The Plaintiff's Charge of Discrimination was filed before the EEOC and was given the following EEOC case number: 515-2019-00278.

33. The Plaintiff prosecuted her administrative claim before the EEOC throughout the years of 2019 until 2021.

34. After exhausting administrative remedies before the EEOC, the EEOC closed the Plaintiff's administrative claim on April of 2021.

35. However, immediately after closing the Plaintiff's administrative claim in April of 2021, the Plaintiff's Supervisor began to create a hostile work environment against the Plaintiff.

36. The Supervisor began to strip the Plaintiff from her common area of news events and reporting.

37. The Supervisor began to reject all of the Plaintiff's suggestions for investigative reporting and news events.

38. The Supervisor began to plagiarize the Plaintiff by taking Plaintiff's suggestions for investigative reporting and news events and referring them to other Reporters that have not participated in protected activities.

39. The Supervisor began to isolate the Plaintiff by assigning the Plaintiff to report news events outside the metropolitan area without adequate team personnel that is normally assigned to other Reporters that have not participated in protected activities.

40. The Supervisor assigned to the other Reporters that had not participated in protected activities news events within the metropolitan area with adequate team personnel as is normally assigned.

41. The Supervisor assigned to the Plaintiff to report certain news events at Ponce, Puerto Rico which are related to a Puerto Rico State Prosecutor that is currently suing the Plaintiff for Defamation, when the Plaintiff had repeatedly requested that she not be assigned to report any event related to that same Puerto Rico State Prosecutor.

42. The Supervisor intentionally avoided assigning the Reporters that had not participated in protected activities, who were available, to report the news events at Ponce, Puerto Rico which are related to a Puerto Rico State Prosecutor that is currently suing the Plaintiff for Defamation.

43. The Supervisor constantly made comments to the Plaintiff that she should abstain from complaining, making references of other female news reporters that also complained and had to resign involuntarily.

44. The comments, remarks and adverse actions described above by the Supervisor were not the only actions that occurred, due to the fact that the Supervisor made additional comments, remarks and adverse actions with the intent of humiliating and creating a hostile work environment to the Plaintiff.

45. The Plaintiff frequently complained and opposed the Supervisor's adverse actions by lodging internal complaints to the Human Resources Director ("HR Director") of the Defendant.

46. The Plaintiff expressed to the HR Director that the Supervisor's adverse actions were based on the fact that the Plaintiff had participated in a protected activity before the EEOC which had closed the administrative complaint on April of 2021.

47. The HR Director did not investigate the Plaintiff's complaint.

48. The HR Director did not take any corrective actions to attend the Plaintiff's complaint.

49. This hostile work environment against the Plaintiff lasted from April of 2021 until July of 2021.

50. The Defendant is liable for the hostile work environment because the Defendant did not investigate and/or take any corrective action after the Plaintiff complained and opposed the Supervisor's adverse actions when she lodged the internal complaints to the HR Director of the Defendant.

51. This hostile work environment was in retaliation for the protected activity and complaints that were both lodged before the EEOC and before the HR Director.

52. Because the Defendant did not handle Plaintiff's complaints of the hostile work environment from April until July of 2021, the Plaintiff submitted her involuntary resignation on July of 2021.

53. The Plaintiff's involuntary resignation after having worked for approximately nine (9) years was caused by the retaliatory actions of the Supervisor and the Defendant.

54. The Plaintiff filed a second Charge of Discrimination before the EEOC on August of 2021, after her involuntary resignation.

55. The Plaintiff's Charge of Discrimination was given the following EEOC case number: 515-2021-00283.

56. The Plaintiff exhausted the administrative remedies in the second Charge of Discrimination and was give a notice of right to sue.

57. The Defendant's actions constitute an illegal action against the Plaintiff because they created and allowed the pattern of workplace harassment against the Plaintiff, without taking any corrective actions although complaints were lodged.

58. Said lack of corrective actions after the complaint was lodged was unreasonable to such a degree that the Plaintiff was forced to involuntarily resign on July of 2021.

59. The Defendant has no good cause whatsoever for not taking any corrective action after receiving the Plaintiff's complaints.

60. Plaintiff always fulfilled and excelled at her duties.

61. The Defendant did not take any corrective action to assist the Plaintiff after the Plaintiff complained and opposed the adverse actions taken by the Supervisor.

62. The Supervisor is an agent who is duly authorized by the Defendant, who committed and/or cooperated with the retaliatory and discriminatory acts in the course and scope of his agency relationship, thus imposing liability to the Defendants.

63. The Defendant had knowledge of the Supervisor's retaliatory and discriminatory decisions. The Defendants did not take any proper action to rectify and/or avoid the retaliatory and discriminatory actions incurred by the Supervisor. The Defendants allowed the Supervisor to retaliate and discriminate against the Plaintiff by creating a hostile work environment against the Plaintiff because of her participation in protected activities.

64. Company ABC was the parent company or an affiliated company of the Defendants. Company ABC had knowledge of the Supervisor's retaliatory and discriminatory decisions. Company ABC did not take any proper action to rectify and/or avoid the retaliatory and

discriminatory actions incurred by the Supervisor. Company ABC allowed the Supervisor to retaliate and discriminate against the Plaintiff by creating a hostile work environment against the Plaintiff because of her participation in protected activities.

65. John & Jane Doe had knowledge of the Supervisor's retaliatory and discriminatory decisions. John & Jane Doe did not take any proper action to rectify and/or avoid the retaliatory and discriminatory actions incurred the Supervisor. John & Jane Doe allowed the Supervisor to retaliate and discriminate against the Plaintiff by creating a hostile work environment against the Plaintiff because of her participation in protected activities.

66. At the time of these discriminatory incidents, Insurance Company XYZ held an insurance policy in favor of the Defendants, specifically to cover said discriminatory claims. Said insurance policy was in force at the time of the discriminatory incidents.

67. Ever since Plaintiff was constructively dismissed, Plaintiff has suffered economic losses and deprivation of her salary. Plaintiff has lost sleep and rest, felt humiliated and discriminated, and has been at loss of her peace of mind and emotional stability.

68. The Defendants are liable for all the Plaintiff's damages.

## FIRST CAUSE OF ACTION

## RETALIATION

69. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

70. Defendant's retaliatory conduct altered Plaintiff's employment condition because Plaintiff engaged in a protected activity.

71. Specifically, Plaintiff engaged in a protected activity by exercising her right when she lodged her Charge of Discrimination before the EEOC.

72. The Supervisor took a materially adverse action against the Plaintiff, by creating a hostile work environment against the Plaintiff because the Plaintiff had participated in a protected activity.

73. The Supervisor's adverse actions are causally connected with the Plaintiff's participation in a protected activity.

74. The Defendant did not investigate or take any corrective actions to stop the hostile work environment against the Plaintiff.

75. The Plaintiff's involuntary resignation is a constructive termination because of the hostile work environment created against her.

76. All the named Defendants, Company ABC, John & Jane Doe had knowledge of the Supervisor's unlawful retaliation against the Plaintiff. Therefore, the named Defendants, Company ABC, John & Jane Doe are liable because of the unlawful retaliation against the Plaintiff.

77. The Plaintiff's participation in protected activity was the direct cause of the Supervisor's adverse action of creating a hostile work environment which forced the Plaintiff to submit her involuntary resignation, thus constituting an unlawful retaliation.

78. Defendants' conduct against the Plaintiff constitutes an unlawful retaliation pursuant to Title VII, EPA, Law 115 and Section 16 of Article II of the Constitution of the Commonwealth of Puerto Rico.

79. As a proximate result of Defendants' unlawful retaliation, Plaintiff has suffered intensely, has been deprived of her means of livelihood, has suffered economic losses and has been emotionally injured.

80. As a result of Defendants' unlawful retaliation, Plaintiff lost the salary she was entitled to.

81. Defendants are liable to Plaintiff for the back pay she was entitled had she maintained her position pursuant to Title VII and EPA.

82. Plaintiff's last annual salary was approximately seventy thousand dollars ($70,000.00).

83. Defendants are liable to the Plaintiff under this cause of action for all lost wages and fringe benefits that the Plaintiff has incurred from the date of the adverse employment action to the date on which damages are settled. Such back pay should include lost wages, pension benefits, insurance, vacation, profit sharing, accrued sick leave and other economic benefits of employment, plus prejudgment interest.

84. Pursuant to Title VII and EPA, Defendants' unlawful retaliation against the Plaintiff was willful, malicious and/or carried with reckless indifference towards Plaintiffs' rights protected under federal law. Plaintiff is thus entitled to punitive damages. This amount continues to increase with the passage of time and will be adjusted accordingly at the time of the trial.

85. In the alternative, an adequate remedy under Law 115, Defendants are liable to Plaintiff for double the amount of back pay, front pay and compensatory damages, without the need of establishing that there was a willful, malicious and/or reckless indifference towards Plaintiffs' rights.

86. Defendants are liable to Plaintiff under this cause of action, pursuant to Title VII, EPA, Law 115 and the Constitution of the Commonwealth of Puerto Rico, in excess of one million four hundred thousand dollars ($1,400,000.00).

87. In addition, Plaintiff is entitled to reinstatement and to an order forbidding any further discriminatory practices against him.

88. In addition to the remedies before mentioned, Plaintiff is entitled to double compensatory and statutory damages. As a result, thereof, Defendants are liable for double compensatory and statutory damages. These damages are estimated at no less than one million four hundred thousand dollars ($1,400,000.00), which times two equal two million eight hundred thousand dollars ($2,800,000.00).

## SECOND CAUSE OF ACTION

## WRONGFUL TERMINATION

89. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

90. Defendants' actions constitute a termination of employment without just cause.

91. Defendants are liable to Plaintiff pursuant to Law 80, for an amount equal to three (3) months of salary plus benefits, as defined in the law, and eighteen (18) additional weeks of compensation, based on their highest earning in any thirty-day period within the three years prior to the employee's dismissal. This amount to a severance payment equals approximately forty-three thousand seven hundred forty-nine dollars with ninety-seven cents. ($43,749.97).

## THIRD CAUSE OF ACTION

## TORTS DAMAGES

92. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

93. Defendants' actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

94. Defendants are liable to Plaintiff pursuant to the PRCC.

95. John & Jane Doe's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

96. John & Jane Doe's are liable to Plaintiff pursuant to the PRCC.

97. Company ABC's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

98. Company ABC is liable to Plaintiff pursuant to the PRCC.

99. The Supervisor's actions as officer and/or employee of the Defendants constitute an act or omission which caused damages to Plaintiff. Said act or omission was incurred due to fault or negligence.

100. Therefore, Defendants are vicariously liable for damages caused by their officers and/or employees in their service pursuant to the PRCC.

101. Defendants' actions as subsidiary company of Company ABC constitute an act or omission which caused damages to Plaintiff. Said act or omission was incurred due to fault or negligence.

102. Therefore, Company ABC is vicariously liable for damages caused by the Defendants in their service pursuant to the PRCC.

103. All before mentioned Defendants are jointly and severally liable for their negligent and intentional tort actions.

104. As a result thereof, Defendants' are liable for compensatory and statutory damages pursuant to the PRCC. These damages are estimated at no less than five hundred thousand dollars ($500,000.00).

## FOURTH CAUSE OF ACTION

## INSURANCE COMPANIES ARE JOINTLY AND SEVERALLY LIABLE

105.	Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

106.	Insurance Company XYZ is directly, jointly and severally liable, along with the other Co-defendants to the Plaintiff for the damages caused by their insured, pursuant to the terms and coverage of their respective policy of insurance.

## FIFTH CAUSE OF ACTION
## ATTORNEYS FEES AND PREJUDGMENT INTEREST

107.	Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

108.	Defendants are liable to Plaintiff for attorney's fees and costs under Title VII and EPA.

109.	Defendants are also liable to Plaintiff for attorney's fees under Law 115 and Law 80.

110.	Defendants are liable for prejudgment interest pursuant to Rule 54 of the Federal Rules of Civil Procedure.

## DEMAND FOR JURY TRIAL

111.	 Plaintiff demand a trial by jury as to all claims and issues alleged herein

## PRAYER

Wherefore, all allegations considered, Plaintiff prays that judgment be entered in their favor and against all Defendants', specifically:

1. Granting Plaintiff's Complaint against Defendants. This Court should grant Plaintiff's complaint and find that the Defendants are liable to the Plaintiff based on the following:

Retaliation pursuant to Title VII, 42 USC sec. 2000e-3(a) *et seq.*, EPA, 29 USC. 215, *et seq.,* Law 115, 29 LPRA sec. 194 *et seq.* and Section 16 of Article II of Constitution of the Commonwealth of Puerto Rico; Wrongful Termination (Unjust Dismissal) pursuant to Law 80, 29 LPRA sec. 185a *et seq.;* and Tort Damages pursuant to the PRCC.

2. An order directing Defendants to reinstate Plaintiff to her former position and to cease and desist of any further retaliatory conduct.

3. Awarding plaintiff back pay, together with interest, for the period that Plaintiff was deprived of her salary, as it was awarded to other employees in her previous position.

4. Awarding Plaintiff punitive and liquidated damages equal to twice the back pay and fringe benefits lost by the Plaintiff.

5. Awarding Plaintiff lost benefits, both past and future.

6. Awarding Plaintiff the amounts before mentioned in the Complaint, including the double compensatory damages.

7. Awarding Plaintiff severance pay pursuant to Law 80.

8. Awarding Plaintiff reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements.

9. Awarding Plaintiff any and all other relief to which Plaintiff may be justly entitled.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

**RESPECTFULLY SUBMITTED**: In San Juan, Puerto Rico on this 22nd day of March, 2023.

*/S/VICTOR M. RIVERA-RIOS*
VICTOR M. RIVERA-RIOS
USDC BAR NUMBER 301202
1420 FERNANDEZ JUNCOS AVE
SAN JUAN, PR 00909
Tel: (787) 727-5710
Fax: (787) 268-1835
Cel: (787) 565-3477
E-Mail: victorriverarios@rcrtrblaw.com
info.vrr@rcrtrblaw.com