IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

YESENIA TORRES-FIGUEROA,

Plaintiff,

v.

TELEVICENTRO OF PUERTO RICO, LLC D/B/A WAPA-TV D/B/A/ CANAL-4, ET AL.,

Defendants.

CIV. NO.: 23-1137 (SCC)

**OPINION AND ORDER**

Before the Court is Defendant Televicentro of Puerto Rico, LLC's Motion for Partial Dismissal (the "Motion"). *See* Docket No. 59. Specifically, Defendant has moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as to Plaintiff Yesenia Torres-Figueroa's Puerto Rico general tort and Section 16 of Article II of the Puerto Rico Constitution ("Section 16") claims. *Id*. Plaintiff opposed the request. *See* Docket No. 65. And Defendant replied. *See* Docket No. 69. For the reasons set forth below, the Court **GRANTS** Defendant's Motion.

# I. BACKGROUND

In her Amended Complaint, Plaintiff advances a retaliation claim pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Pay Act ("EPA"), Puerto Rico Law 115 ("Law 115"), P.R. Laws Ann. tit. 29, § 194a, and Section 16. *See* Docket No. 42. She also claims wrongful termination pursuant to Puerto Rico Law 80 ("Law 80"), P.R. Laws Ann. tit. 29, § 185a and general tort damages under the Puerto Rico Civil Code ("PRCC").[1] *Id.*

The circumstances that paved the way for this lawsuit date back to May of 2021 when Plaintiff's main supervisor, Rafael Lenin López ("Mr. López"), reportedly created a hostile work environment that led to her constructive dismissal on July 9, 2021. *Id.* at pgs. 7-8. Specifically, Plaintiff claims that after she withdrew a discrimination complaint

---

[1] Plaintiff does not specify under which provision of the Puerto Rico Civil Code ("PRCC") she advances her general tort damages claim. Defendant construed the claim as one under Article 1536 of the PRCC. *See* Docket No. 59, pgs. 6-7. And in her Opposition to the Motion, Plaintiff did not contest how Defendant construed her claim, she even mentioned (albeit in a cursory fashion) Article 1536. *See* Docket No. 65, pgs. 4-5. So, because the parties appear to agree that the Puerto Rico general tort claim entails a claim under Article 1536 of the PRCC, the Court follows suit and construes it as such.

against the Defendant in April 2021, Mr. López began creating a hostile work environment in retaliation for her protected conduct. *Id.* at pgs. 1, 7. Plaintiff additionally claims that she filed several internal complaints with Defendant's Human Resources Director regarding the hostile work environment created by Mr. López, but they were to no avail since no action was taken by the Defendant to deter the hostile work environment. *Id.* at pg. 9. So, even though, Plaintiff claims, Defendant was aware of the hostile work environment she experienced, Defendant failed to take the necessary measures to rectify the situation. *Id.* at pgs. 9-10.

Having discussed the background of this case, the Court turns to the Motion.

## II. STANDARD OF REVIEW

A Rule 12(c) motion is afforded "much the same treatment" as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54 (1st Cir. 2006). That is, the Court will "take the well-pleaded facts and the reasonable inferences therefrom in the light most favorable to the nonmovant," *Kando v. R.I. State Bd. of Elections*, 880 F.3d 53, 58 (1st Cir. 2018), and ask whether

facts and reasonable inferences establish a plausible claim for relief, *see Gray v. Evercore Restructuring L.L.C.*, 554 F.3d 320, 324 (1st Cir. 2008). Now, in conducting this exercise, the Court will not consider "neither conclusory legal allegations, nor factual allegations that are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture." *Legal Sea Foods, LLC v. Strathmore Ins. Co.*, 36 F.4th 29, 33-34 (1st Cir. 2022) (cleaned up). In the end, judgment on the pleadings is proper "only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." *Aponte-Torres*, 445 F.3d at 54.

### III. ANALYSIS

Defendant contends that dismissal of Plaintiff's Puerto Rico general tort and Section 16 claims is warranted because they are predicated on conduct that is covered by the special labor laws also invoked in the Amended Complaint, to wit, Title VII, the EPA, Law 115, and Law 80. *See* Docket No. 59. This therefore follows, according to the Defendant, that Plaintiff is precluded from also seeking damages for that same

conduct by relying on general laws or statutes such as Article 1536 and Section 16. *Id.* Plaintiff disagrees. *See* Docket No. 65.

According to Plaintiff, in her Amended Complaint, she outlines "a pattern of retaliatory conduct that extends beyond the scope of the employment-specific statutes." *See* Docket No. 65, pg. 5. And the alleged pattern of retaliatory conduct inflicted by Mr. López, she claims, caused her "significant emotional distress[.]" *Id.* Based on those arguments, she reasons that the factual allegations in her Amended Complaint used to support her Article 1536 and Section 16 claims, differ from those used in support of her special law claims and so those claims should survive. The Court agrees with the Defendant.

"[P]rovisions of the Puerto Rico Civil Code are supplementary to special legislation" and so "a special law prevails over a general law[.]" *See Orellano-Laureano v. Instituto Médico del Norte, Inc.*, 22-cv-1322 (MAJ), 2023 WL 4532418, at *6 (D.P.R. July 13, 2023) (quoting *Irizarry-Santiago v. Essilor Industries*, 982 F. Supp. 2d 131, 140 (D.P.R. 2013)); *see also* 31 L.P.R.A. § 5349 (Article 27). As previously mentioned, Article 1536 is found in the PRCC so, it "is supplementary to

TORRES-FIGUEROA V. TELEVICENTRO OF PUERTO RICO, LLC, D/B/A WAPA-TV D/B/A CANAL-4 et al.                                          Page 6

special legislation." *See Cervantes v. Int'l Hospitality Assocs.*, 261 F. Supp. 3d 171, 196 (D.P.R. 2016) (quoting *Aguirre v. Mayagüez Resort & Casino, Inc.*, 59 F.Supp.3d 340, 357 (D.P.R. 2014)). Conversely, laws such as Title VII, the EPA, Law 115, and Law 80 are special laws. Both Plaintiff and the Defendant are on the same page as to this point. But why is this distinction so important here? Well, because the Puerto Rico Supreme Court has stated that "if [an] employment statute sanctions the alleged conduct and grants a remedy to the aggrieved employee, we will not 'accept the thesis that the legislator left the door open to use any other remedy or cause of action laid down in a general statute.'" *See Santiago Nieves v. Braulio Agosto Motors,* 197 D.P.R. 369, 386 (2017) (quoting *SLG Pagán-Renta v. Walgreens*, 190 D.P.R. 251, 260 (2014));[2] *see also Rojas v. GMD Airlines Services, INC.*, 254 F. Supp. 3d 281, 304 (D.P.R. 2015) (explaining that "when a specific labor law covers the conduct for which a plaintiff seeks damages, he is

---

[2] The Court relied on the official English translation of the *Santiago Nieves v. Braulio Agosto Motors*, 197 D.P.R. 369 (2017) opinion which can be found in *Del Rio Loranca v. Aerostar Airport Holdings, LLC,* Civ. No. 19-1660 (ADC) at Docket No. 162-1.

barred from using that same conduct as the basis for a claim under Article [1536]."). And that is precisely the case here.

In this case, Plaintiff seeks general tort damages, pursuant to the PRCC. However, upon a careful review of the Amended Complaint, the Court finds that Plaintiff's Puerto Rico general tort claim relies on the same factual pattern used to substantiate her retaliation and wrongful termination causes of action, which were advanced pursuant to specific labor laws. So, since no separate conduct has been alleged that would give rise to a separate Puerto Rico general tort claim and the specific labor laws Plaintiff invokes in her Amended Complaint already sanction the alleged conduct and provide a remedy, [3] the Puerto Rico general tort claim must be

---

[3] For example, Law 115 sanctions and provides relief for the conduct that Plaintiff used to back up her Puerto Rico general tort claim. Article 2(a) of Law 115, states that "No employer may terminate, threaten, or discriminate against an employee with regards to the terms, conditions, compensation, location, benefits, or privileges of the employment should the employee offer or attempt to offer, verbally or in writing, any testimony, statement, or information before a legislative, administrative, or judicial forum in Puerto Rico [.]" *See* P.R. Laws Ann. tit. 29, § 194a. Furthermore, Article 2(b) of Law 115, recognizes a former employee's ability to "request compensation for unearned salaries, benefits and attorney's fees for the real damages suffered, for mental anguish, and reinstatement in his/her job." *See id.*

dismissed.

The Court reaches the same conclusion as to Plaintiff's Section 16 claim. Plaintiff relies on Section 16 to sustain her retaliation cause of action. *See* Docket No. 42, pgs. 2-3, 13. She also relies on three other specific labor laws, to wit, Title VII; Law 115; and the EPA. *Id.* More fundamentally, the same factual pattern used to support the Title VII, Law 115, and the EPA claims is used by Plaintiff to support her Section 16 claim. So, because the Section 16 claim is "essentially predicated on allegations covered by specific labor . . . statutes," here, Title VII, Law 115, and the EPA, it must be dismissed. *See Galarza-Cruz v. Grupo HIMA San Pablo, Inc.*, 17-cv-1606 (PAD), 2018 WL 324863, at * 1 n.2 (D.P.R. Jan. 8, 2018).

There is a final matter the Court must address before concluding. To avoid dismissal, Plaintiff argues that she should be allowed to, yet again, amend her complaint. *See* Docket No. 65, pg. 4. But here is the problem: Plaintiff did not move for leave to file another amended complaint nor can her underdeveloped argument in support of another amendment, which the Court notes she makes for the first time in her Opposition to the Motion, be construed by the

| TORRES-FIGUEROA V. TELEVICENTRO OF PUERTO RICO, LLC, D/B/A WAPA-TV D/B/A CANAL-4 et al. | Page 9 |
|---|---|

Court as a request for leave to amend. *See Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 28 n. 6 (1st Cir. 2022) (explaining that "[t]he general rule, however, is that a district court need not pay heed to a contingent request for leave to amend made only in opposition papers."). Therefore, Plaintiff's argument is meritless.

In the end, even when taking Plaintiff's allegations as true, as the Court must at this procedural juncture, Plaintiff has failed to establish an independent factual basis to establish claims under Puerto Rico's general tort statute and Section 16 and so those claims must be dismissed.

### IV. CONCLUSION

In sum, the Court **GRANTS** Defendant's Motion at Docket No. 59 and **DISMISSES WITH PREJUDICE** Plaintiff's Puerto Rico's general tort statute and Section 16 claims.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th day of November 2024.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE